Andrew Gerber (AG 0779)
Ilya Kushnirsky (IK 3899)

KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Brianna Bulski*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

BRIANNA BULSKI,

                Plaintiff,

  v.

TANYA CREATIONS, LLC and
SEARS HOLDINGS CORPORATION
d/b/a KMART,

                Defendants.

_____

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Brianna Bulski, by her attorneys Kushnirsky Gerber PLLC, for her complaint against defendants Tanya Creations, LLC ("Tanya") and Sears Holdings Corporation d/b/a Kmart ("Kmart") (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit is being filed by an independent artist to enforce her rights and protect her livelihood against the unlawful actions of large corporations selling unauthorized items that infringe her original, copyrighted creations.

2. Plaintiff is a well-known designer who makes a living selling her original designs in the form of pins, keychains, patches, jewelry and other products through her brand Little Arrow.

3. In February 2015, Ms. Bulski created a design known as *Cat Lady Pin,* shown below (the "Original Design").

1



4. Ms. Bulski has also adapted the Original Design into a keychain, as shown below.



5. Ms. Bulski sells her products through her e-commerce site at littlearrowstudio.com and at authorized retailers around the world.

6. In an effort to prevent infringement and encourage proper licensing, Ms. Bulski places conspicuous copyright management information on the back of many of her works, including the Original Design.

7. Ms. Bulski applied for and received a federal copyright registration for the Original Design on November 29, 2016.

8. In May 2017, Ms. Bulski discovered that Defendants were selling a keychain featuring the Original Design (the "Infringing Keychain"), as shown below.



9. The Infringing Keychain features a near-identical copy of the Original Design.

10. Neither Defendant Tanya nor Defendant Kmart ever attempted to contact Ms. Bulski to inquire about a license, despite the fact that her website contains copious, clear information about the copyrights in her works and instructions for contacting her to inquire about licensing and wholesale requests.

11. The design for the Infringing Keychain was copied directly from the Original Design. The two designs are virtually indistinguishable except for the quality of materials and fabrication: the Infringing Keychain is a noticeably shoddier product than Ms. Bulski's original.

12. Ms. Bulski asserts claims for copyright infringement and intentional removal of copyright management information under the United States Copyright Act, 17 U.S.C. § 101, *et seq*. (the "Copyright Act"). She seeks damages, injunctive relief, and recovery of her costs and attorneys' fees.

## PARTIES, JURISDICTION, AND VENUE

13. This is an action for copyright infringement under the Copyright Act and intentional removal of copyright management information under the Digital Millennium Copyright Act ("DMCA"). The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338.

14. The Court has personal jurisdiction over all Defendants pursuant to N.Y. C.P.L.R. §§ 301 and 302.

15. Upon information and belief, Defendant Tanya is a Rhode Island limited liability company that does continuous and systematic business in New York and in this District and operates a showroom in this District. Defendant Tanya regularly does or solicits business in New York; derives substantial revenue from goods used or services rendered in New York; expects or reasonably should expect its infringing conduct to have consequences in New York; and derives substantial revenue from interstate commerce.

16. Upon information and belief, Defendant Kmart is a Delaware corporation that does continuous and systematic business in New York and in this District under the Kmart trade name; operates several retail locations in this District; and operates two e-commerce websites at kmart.com and sears.com, through which it ships a significant number of goods to consumers in this District. Defendant Kmart regularly does or solicits business in New York; derives substantial revenue from goods used or services rendered in New York; expects or reasonably should expect its infringing conduct to have consequences in New York; and derives substantial revenue from interstate commerce.

17. Plaintiff Brianna Bulski is an individual who resides in Eugene, Oregon. Plaintiff operates an e-commerce website and online storefront at littlearrowstudio.com, through which she regularly sells products featuring the Original Design directly to consumers in this District.

18. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants do business, may be found, and are subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### I. Artist Brianna Bulski and the Original Design

19. Ms. Bulski is an independent artist and designer and the owner of Little Arrow, a brand known for its whimsical designs. Little Arrow has a devoted fan base and currently has over 46,700 followers on Instagram.

20. Ms. Bulski owns the copyright in the Original Design and received federal copyright registration number VA2024532 for the Original Design on November 29, 2016.

21. Ms. Bulski operates her ecommerce and online storefront at littlearrowstudio.com, where she sells a variety of merchandise featuring her original designs. Ms. Bulski's website also includes information about the location of retailers who carry her products and instructions for contacting her regarding licensing and wholesale inquiries.

22. Conspicuous copyright management information on the back of the Original Design identifies Ms. Bulski's trade name, Little Arrow, as the producer and copyright holder in the work. For those wishing to license her images, Ms. Bulski's name and contact instructions are displayed prominently on her website and in her federal copyright registrations.

23. Independent artists like Ms. Bulski rely on wholesale and licensing revenues from their artwork. The ability of artists to license and control the commercial use of their artwork is critical for their careers and livelihoods, and is a key right bestowed on artists by the Copyright Act. Ms. Bulski's artwork is her livelihood, her passion, and her sole source of income.

## II. Defendants' Willful Infringement and Unlawful Conduct

24. In May 2017, a fan of Little Arrow discovered the Infringing Keychain for sale at one of Defendant Kmart's retail locations and notified Ms. Bulski of the infringement.

25. The Infringing Keychain was offered for sale both online at kmart.com and sears.com and in Kmart retail locations.

26. The Infringing Keychain features a near-identical copy of the Original Design. It is readily apparent that the design for the Infringing Keychain was copied directly from the Original Design, as shown below.

 

27. Defendant Tanya sold the Infringing Keychain to Defendant Kmart for resale. Defendant Kmart promoted and advertised the Infringing Keychain by posting images of the Infringing Keychain on its websites. Defendant Kmart sold the Infringing Keychain to consumers throughout the United States and around the world.

28. Defendants' infringement of the Original Design has been continuous and willful. Neither Defendant Tanya nor Defendant Kmart ever attempted to contact Ms. Bulski to inquire

about a license, despite the fact that Ms. Bulski's website contains clear information about the copyrights in her works and instructions for contacting her to inquire about commercial licensing.

29. Defendants have created, advertised, and sold the Infringing Keychain, which features infringing copies of Ms. Bulski's artwork. In so doing, Defendants have willfully misappropriated Ms. Bulski's labor, skill, and expenditures and have done so intentionally and in bad faith.

30. Defendants have unlawfully benefited from this willful infringement. Defendants' infringement of the Original Design began after Ms. Bulski obtained a federal copyright registration in that work.

31. Upon information and belief, in the process of unlawfully creating, copying, and distributing the Infringing Keychain without the consent, permission, or authority of Ms. Bulski, Defendant Tanya intentionally removed the copyright management information that Ms. Bulski placed on the Original Design.

32. Upon information and belief, Defendant Tanya intentionally removed such copyright management information knowing, or having reasonable grounds to know, that such removal would induce, enable, facilitate, or conceal the infringement of the Original Design.

33. Ms. Bulski has been significantly damaged by these unlawful uses of the Original Design, and she has been forced to file this Action in order to protect her rights and her livelihood.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT - 17 U.S.C. §§ 106, 501, *et seq*.
### (Against All Defendants)

34. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 33 above, and incorporates them herein by this reference.

35. Plaintiff is the legal owner of all right, title, and interest in the Original Design. Plaintiff is the legal owner of the copyright in that work.

36. Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Design without the consent, permission, or authority of Plaintiff.

37. Defendants' conduct constitutes infringement of Plaintiff's copyrights and exclusive rights in violation of sections 106 and 501 of the Copyright Act.

38. Defendants' acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

39. As a result of the infringement that began in and stemmed from the United States, Plaintiff has and will continue to suffer damages in the United States and around the world.

40. As a result of the infringement that began in and stemmed from the United States, Defendants have unlawfully profited in the United States and around the world.

41. Plaintiff is entitled to her actual damages and Defendants' profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504. Plaintiff may also elect, at any time before final judgment is rendered, to receive statutory damages in connection with Defendants' willful infringement, pursuant to 17 U.S.C. § 504.

42. Defendants will continue to willfully infringe Plaintiff's rights in the Original Design unless restrained by the Court. Plaintiff is entitled to injunctive relief prohibiting further infringement, pursuant to 17 U.S.C. § 502.

### SECOND CLAIM FOR RELIEF
### REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202(b)
### (Against Defendant Tanya)

43. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 42 above, and incorporates them herein by this reference.

44. The Original Design includes conspicuous copyright management information, which is conveyed in connection with such work and protected under 17 U.S.C. § 1202(b).

45. In the process of unlawfully copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Keychain without the consent, permission, or authority of Plaintiff, Defendant Tanya intentionally removed Plaintiff's copyright management information from the Original Design.

46. Defendant Tanya created and sold unauthorized copies of the Original Design with the intent and knowledge that copyright management information had been intentionally removed therefrom.

47. Defendant Tanya intentionally removed Plaintiff's copyright management information and distributed the Infringing Keychain with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

48. Defendant Tanya engaged in these activities without the consent or authorization of Plaintiff.

49. Plaintiff has been injured as a result of this violation of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impounding of the Infringing Keychain, damages, costs, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

**WHEREFORE**, Plaintiff Brianna Bulski demands judgment as follows:

1. Awarding Plaintiff her actual damages in connection with Defendants' willful copyright infringement;

2. Awarding Plaintiff statutory damages, attorneys' fees, and costs under the Copyright Act;

3. Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(b), ordering the impounding of the Infringing Keychain under 17 U.S.C. § 1203, and awarding Plaintiff costs and attorneys' fees under 17 U.S.C. § 1203;

4. Granting an injunction that permanently restrains and enjoins Defendants from copying, reproducing, distributing, adapting, and/or publicly displaying the Original Design or any elements thereof;

5. Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums; and

6. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: New York, New York
September 18, 2017

Respectfully Submitted,

KUSHNIRSKY GERBER PLLC

By: _____
Andrew Gerber (AG 0779)
Ilya Kushnirsky (IK 3899)
andrew@kgfirm.com
ilya@kgfirm.com

27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320

*Attorneys for Plaintiff Brianna Bulski*